UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LIBERTY MUTUAL FIRE INSURANCE COMPANY, <br><br> Plaintiff, <br><br> - v. - <br><br> NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH PA, <br><br> Defendant. | Civil Action No. <br><br> **COMPLAINT** |

Plaintiff LIBERTY MUTUAL FIRE INSURANCE COMPANY ("Liberty Mutual"), by its attorneys, JAFFE & ASHER LLP, as and for its Complaint against defendant NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH PA ("National Union"), alleges as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332(a) by reason of the diversity of citizenship of the parties and the fact that the amount in controversy exceeds the sum of $75,000.00 exclusive of costs.

2. At all times hereinafter mentioned, Liberty Mutual was, and still is, a stock insurance company organized under the laws of the State of Wisconsin, with its principal place of business located at 175 Berkeley Street, Boston, Massachusetts 02116.

3. At all times hereinafter mentioned, Liberty Mutual was, and still is, an insurance company duly authorized to conduct business within the State of New Jersey.

4. Upon information and belief, at all times hereinafter mentioned, National Union was, and still is, a stock insurance company organized under the laws of the State of

1

Pennsylvania, with its principal place of business located at 1271 Ave of the Americas, Floor 37, New York, New York 10020.

5. Upon information and belief, at all times hereinafter mentioned, National Union was, and still is, an insurance company duly authorized to conduct business within the State of New Jersey.

6. This Court has venue over this matter pursuant to 28 U.S.C. § 1391; a substantial part of the events or omissions giving rise to the claim occurred in this District.

## SUBSTANTIVE ALLEGATIONS

7. On or about October 14, 2022, Jeffery E. Rishel ("Rishel") and Patricia A. Davis ("Davis") commenced an action entitled <u>Jeffery Rishel and Patricia Davis v. Eric Stroup and IA Construction Corp.</u>, Index No. 654-2022(1), in the Court of Common Pleas, Jefferson County, Pennsylvania ("Rishel Action").

8. In the Rishel Action, Rishel and Davis allege that, on June 13, 2022, Eric Stroup ("Stroup") was driving a vehicle on I-80 Westbound in Washington Township, Pennsylvania in which Cody Rishel was a passenger.

9. In the Rishel Action, Rishel and Davis allege that Stroup failed to see the stopped traffic as he approached a construction zone, causing an accident which took Cody Rishel's life.

10. Rishel and Davis allege in the Rishel Action Complain that IA Construction Corp. ("IA") was the Principal Contractor at the job site (the "Project") located along I-80 Westbound in Washington Township, PA (the "Premises"), and failed in its duty for

2

the "maintenance and protection of traffic during construction, including installing traffic control devices".

11. Rishel and Davis alleged in their Complaint that IA was "improperly placing signs regarding construction work being performed in the area" and "hiring unsafe and incompetent subcontractors".

12. In the Rishel Action, Rishel and Davis allege causes of action for negligence against both Stroup and IA.

13. On or about November 23, 2022, IA filed a Joinder Complaint impleading RoadSafe Traffic Systems, Inc. ("RoadSafe") and the State of Pennsylvania, Department of Transportation ("PennDOT") into the Rishel Action.

14. IA alleges in the Joinder Complaint's first Count I that it contracted with PennDOT, and followed the design and specifications of PennDOT as to traffic control and signage. To the extent IA is liable for damages arising out of those designs, IA alleges "then PennDOT is liable over to IA, by way of indemnification or contribution and/or is jointly and severally liable with IA, such liability being denied by IA."

15. IA alleges in the Joinder Complaint in the second Count I (sic) that IA subcontracted with RoadSafe for RoadSafe to perform traffic control monitoring and signage work, including at the site of the accident alleged in the Rishel Action.

16. On or about April 16, 2023, Ryan Hoy ("Hoy") and Riley Hoy, his wife, filed a complaint in the matter known as <u>Ryan Hoy and Riley Hoy v. Eric Stroup, IA Construction Corp., RoadSafe Traffic Systems, Inc. and Pennsylvania Department of Transportation</u>, No. 271-2023, in the Court of Common Pleas, Jefferson County, Pennsylvania ("Hoy Action") (together with the Rishel Action, the "Underlying Actions").

17. In the Hoy Action, Hoy alleges he was a passenger in a vehicle driven by Stroup which rear-ended a stopped tractor trailer at a high rate of speed, as Stroup approached a construction work zone.

18. Hoy alleges in his Complaint that, "[t]he Crash occurred on a stretch of roadway approaching the Project which at all times relevant hereto did not have any signage to warn of the construction zone resulting from the Project ahead, nor any signage to warn of traffic changes related to the Project."

19. The Hoy Action alleges causes of action sounding in negligence and loss of consortium against Stroup, IA, RoadSafe, and PennDOT

20. In the Hoy Action, Hoy alleges that IA, RoadSafe, and PennDOT each failed "to comply with PennDOT and industry standards for the maintenance and protection of traffic during the Project" and that IA had been "[n]egligently and/or improperly hiring, training, and/or supervising agents, . . . contractors and/or subcontractors to conduct the Project and to . . . manage, repair and/or maintain roadways and traffic safety policies under its control."

21. In Count III of his Complaint in the Hoy Action, Hoy alleges that RoadSafe "negligently and carelessly possessed, managed, modified, controlled and/or maintained the area of the Crash so as to create a dangerous condition".

22. On or about March 22, 2022, PennDOT as the "Department" and IA as the "Contractor" entered into a Highway Construction Contract (the "Principal Contract") related to a "resurfacing project of Interstate 80":

23. On or about March 25, 2022 IA as "Contractor" and RoadSafe as "Subcontractor" entered into a Subcontract Agreement ("Subcontract").

24. The Subcontract identifies PennDOT as "Owner".

4

25. The Principal Contract is incorporated by reference, as the Subcontract provides, in relevant part, as follows:

> The Principal Contract has been read by the Subcontractor, and the Subcontractor agrees to be bound to the Contractor by the provisions of the Principal Contract, and to conform to and comply with the drawings, specifications, addenda, and modifications thereto, and to assume toward the Contractor all the obligations and responsibilities that the Contractor assumes in and by the Principal Contract toward the Owner, unless any provisions are deleted, modified or added by this Subcontract, including special conditions stipulated in Paragraph No. 19 of this Subcontract, in which event the provisions herein shall apply, together with the provisions of the Principal Contract, and should there be any inconsistency between the provisions herein and the provisions of the Principal Contract, the provisions herein shall apply, together with the provisions of the Principal Contract which have not been altered or changed hereby.

26. The Subcontract provides, as to insurance, in relevant part, as follows:

> Subcontractor hereby agrees that before commencing any work it will obtain and maintain, and cause its subcontractors, if any, to obtain and maintain Insurance Policies with unimpaired limits of coverage of no less than the following:
>
> \* \* \*
>
> b.   Comprehensive General Liability Insurance, including products, completed operations, premises and contractual liability endorsements, with limits of at least $2,000,000 for each occurrence.
>
> \* \* \*
>
> All insurances maintained by Subcontractor, including any coverages in addition to, or not specified above, shall be written through a company or companies satisfactory to Contractor, shall name the Contractor and, where applicable, Owner as additional insureds (except under Statutory Part I of the Workers' Compensation and Occupational Diseases Insurance). All of the insurance coverage maintained by Subcontractor will be primary to, and not contributing with any other available insurance coverage of Contractor and Owner and shall contain a waiver of any rights of subrogation in favor of Contractor and Owner.

> Subcontractor shall provide Contractor certificates of insurance prior to commencing any work hereunder evidencing the procurement of the above insurance. The certificates shall be of the type that definitely obligates the Insurer to notify the Contractor at least thirty (30) days in advance of effective date of any modification and/or cancellation.

27. The Subcontract provides, as to indemnification, in relevant part, as follows:

> The Subcontractor agrees to defend, indemnify, protect and save harmless the Contractor and Owner from and against any and all liability, losses, damages, cost, claims, lawsuits, whether groundless or not, judgments, settlements and expenses, including without limitation attorneys' fees and court costs to the extent arising from bodily injury to any persons, whether employed by the Contractor, Subcontractor or others, including death, or damage to any property, whether owned, leased or used by the Contractor, Subcontractor or others, including without limitation, the loss of use thereof, occurring or arising out of or in connection with the Subcontractor's negligent acts or omissions or breach of this agreement, whether or not occurring or arising out of or claimed to have occurred or arisen out of the concurrent acts, negligence or omissions of the Contractor, Owner, their agents or employees. The principles of comparative negligence shall apply to the within indemnity obligations.

28. National Union issued a Commercial General Liability policy, No. 172-90-18, with a policy period from October 3, 2022 to October 3, 2023, to RoadSafe as Named Insured ("National Union Policy").

29. The National Union Policy provides, as amended by endorsement, as to Other Insurance, as follows:

> Primary And Noncontributory Insurance
>
> This insurance is primary to and will not seek contribution from any other insurance available to an additional insured under your policy provided that:
>
> (1) The additional insured is a Named Insured under such other insurance; and

(2) You have agreed in writing in a contract or agreement that this insurance would be primary and would not seek contribution from any other insurance available to the additional insured.

30.    The National Union Policy contains an endorsement entitled "ADDITIONAL INSURED - OWNERS, LESSEES OR CONTRACTORS - SCHEDULED PERSON", (the "AI Endorsement") which provides in relevant part, as follows:

> A. Section II – Who Is An Insured is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:
>
> 1. Your acts or omissions; or
>
> 2. The acts or omissions of those acting on your behalf; in the performance of your ongoing operations for the additional insured(s) at the location(s) designated above.
>
> However:
>
> 1. The insurance afforded to such additional insured only applies to the extent permitted by law; and
>
> 2. If coverage provided to the additional insured is required by a contract or agreement, the insurance afforded to such additional insured will not be broader than that which you are required by the contract or agreement to provide for such additional insured.
>
> B. With respect to the insurance afforded to these additional insureds, the following additional exclusions apply:
>
> This insurance does not apply to "bodily injury" or "property damage" occurring after:
>
> 1. All work, including materials, parts or equipment furnished in connection with such work, on the project (other than service, maintenance or repairs) to be performed by or on behalf of the additional insured(s) at the location of the covered operations has been completed; or

7

2. That portion of "your work" out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project.

C. With respect to the insurance afforded to these additional insureds, the following is added to Section III – Limits Of Insurance:

If coverage provided to the additional insured is required by a contract or agreement, the most we will pay on behalf of the additional insured is the amount of insurance:

1. Required by the contract or agreement; or

2. Available under the applicable limits of insurance; whichever is less.

This endorsement shall not increase the applicable limits of insurance.

31. The AI Endorsement of the National Union Policy provides a schedule with the "Name of Additional Insured Person(s) or Organization(s)" as "any person or organization whom you become obligated to include as an additional insured as a result of any contract or agreement you have entered into", and the "Location(s) of Covered Operations" as "per the contract or agreement."

32. IA qualifies as an Additional Insured under the National Union Policy for the claims alleged in the Underlying Actions.

33. Liberty Mutual issued a Commercial General Liability policy, No. TB2-631-510805-022, with a policy period from April 1, 2022 to April 1, 2023, to Colas Inc. as the First Named Insured ("LMFIC Policy").

34. The LMFIC Policy was issued to Colas, Inc. at its principal place of business, 89 Headquarters Plaza, North Towner, 10th Floor, Morristown, New Jersey.

35. IA is a Named Insured on the LMFIC Policy.

36. The LMFIC Policy contains an applicable "Other Insurance" endorsement entitled "PRIMARY AND NONCONTRIBUTORY – OTHER INSURANCE CONDITION" which provides, in relevant part, as follows:

> The following is added to the Other Insurance Condition and supersedes any provision to the contrary:
>
> Primary And Noncontributory Insurance
>
> This insurance is primary to and will not seek contribution from any other insurance available to an additional insured under your policy provided that:
>
> (1) The additional insured is a Named Insured under such other insurance; and
>
> (2) You have agreed in writing in a contract or agreement that this insurance would be primary and would not seek contribution from any other insurance available to the additional insured.

37. Liberty Mutual, pursuant to the terms of the LMFIC Policy, has been providing a defense to IA as a Named Insured for the claims as alleged in the Underlying Actions.

38. The National Union Policy applies primary as compared to the LMFIC Policy for IA for the claims alleged in the Underlying Actions.

39. By letter dated November 3, 2022, on behalf of Liberty Mutual, Tyler Spencer tendered the defense and indemnity of IA for the Rishel Action to National Union.

40. By letter dated June 7, 2023, Tyler Spencer, on behalf of Liberty Mutual re-tendered the defense and indemnity of IA in the Rishel Action and Hoy Action to National Union.

41. By letter dated November 20, 2023, counsel for Liberty Mutual re-tendered the defense and indemnity of IA in the Underlying Actions to National Union.

42. Following its tenders, Liberty Mutual was contacted by the authorized claims representative for National Union.

43. Despite repeated follow-up communications, however, Liberty Mutual has neither been provided with an acceptance of the tender nor a coverage position.

44. As a result of National Union's breach of its duty to defend, Liberty Mutual has been forced to drop down and provide a defense to IA for the Underlying Actions.

## AS AND FOR A FIRST CLAIM FOR RELIEF

45. Liberty Mutual repeats, realleges, and reiterates each and every allegation contained in paragraphs "1" through "44" of this Complaint as if more fully set forth herein.

46. IA qualifies as an additional insured under the National Union Policy for the claims alleged in the Underlying Actions.

47. National Union owes IA a duty to defend and indemnify for the claims alleged in the Underlying Actions.

48. Although duly demanded, National Union has failed and refused to provide a primary defense and indemnification to IA for the claims alleged in the Underlying Actions.

49. Liberty Mutual seeks a determination of its rights with regard to the National Union Policy, including a declaratory judgment that National Union was and is required to defend and indemnify IA for the Underlying Actions under the National Union Policy and that such coverage applies on a primary basis before coverage under the Liberty Mutual Policy applies to IA.

50. Liberty Mutual seeks recovery of attorneys' fees incurred in the prosecution of this action.

51. Liberty Mutual has no adequate remedy at law.

### AS AND FOR A SECOND CLAIM FOR RELIEF

52. Liberty Mutual repeats, realleges, and reiterates each and every allegation contained in paragraphs "1" through "51" of this Complaint as if more fully set forth herein.

53. As a result of National Union's failure to acknowledge that it owes a primary duty to defend IA, Liberty Mutual has been required to pay for IA's defense for the Underlying Actions.

54. As a result of National Union's failure to acknowledge its primary duty to defend IA for the Underlying Actions, Liberty Mutual has incurred substantial attorneys' fees and other costs to defend IA.

55. Although duly requested, National Union has failed and refused to acknowledge its primary coverage obligation and to reimburse Liberty Mutual for costs incurred to defend IA for the Underlying Actions.

56. As a result of the foregoing, Liberty Mutual is entitled to a money judgment against National Union in an amount equal to what Liberty Mutual has incurred and will incur to defend IA for the Underlying Actions, in an amount to be determined by the Court, plus interest, and attorneys' fees and other costs incurred in prosecuting this action.

**WHEREFORE**, plaintiff LIBERTY MUTUAL FIRE INSURANCE COMPANY demands judgment as follows:

1. On the First Claim for Relief, a declaratory judgment determining the respective rights and obligations of plaintiff LIBERTY MUTUAL FIRE INSURANCE

COMPANY and defendant NATIONAL UNION INSURANCE COMPANY OF ILLINOIS with respect to their liability insurance coverage obligations for IA for the Underlying Action, including a declaratory judgment that defendant NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH PA, is required to defend and indemnify IA for the Underlying Actions, and that such coverage for IA applies on a primary basis before coverage under the Liberty Mutual Policy applies to IA;

2. On the Second Claim for Relief, a money judgment in favor of plaintiff LIBERTY MUTUAL FIRE INSURANCE COMPANY and against defendant NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH PA, in an amount to be determined by the Court, plus interest; and

3. Granting plaintiff LIBERTY MUTUAL FIRE INSURANCE COMPANY recovery of the costs and disbursements of this action, including attorneys' fees and other costs incurred in prosecuting this action, together with such other and further relief as this Court deems just and proper.

Dated: Bernardsville, New Jersey
February 15, 2024

Yours, etc.,

JAFFE & ASHER LLP

By: _____
Timothy O'Connor, Esq.
Attorneys for Plaintiff
**JAFFE & ASHER LLP**
75 Claremont Road
Bernardsville, NJ 07924
(212) 687-3000